UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN H. JOHNSON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAMILLE M. ASHFORD, )<br>)<br>Defendant. ) | Civil Action No.  1:24-cv-00532 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter for lack of subject matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who fails to provide his own address or any of his other contact information, in contravention of D.C. Local Civil Rule 5.1(c)(1), sues a single defendant, Camille M. Ashford (*AKA* Mill Ashford, C., *AKA* C. Ashford), who appears to reside in the District of Columbia, *see* Compl. at 4.  Plaintiff alleges that, in November 2023, he and defendant entered into a marriage

contract, but defendant ultimately backed out of the agreement. *See id*. at 1–4. He further alleges that defendant owes him $2,750, and that she slandered him. *See id*. at 2–4. He demands $2,002,750 in damages. *See id.* at 4.

Plaintiff has failed to establish subject matter jurisdiction. First, plaintiff has failed to state a federal question. *See* 28 U.S.C. § 1331. Plaintiff does not invoke any authority that provides a federal cause of action, nor can the court independently discern any basis for federal question jurisdiction from the facts given in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

Second, plaintiff has failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991).

As pleaded, this matter does not "meet the standards of diversity," *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990), of which "[c]itizenship is an essential element" that cannot be established by "an allegation of residence alone[,]" *Novak v. Cap. Mgmt. & Dev. Corp*., 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Because "failing to establish citizenship is not a mere technicality," the party seeking to proceed in diversity must clearly plead "the citizenship of each and every party to the action." *Id*.; *see Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) ("the citizenship of every party to the action must be distinctly alleged [in the complaint] and

cannot be established presumptively or by mere inference[.]"). As noted, defendant appears to reside in the District, *see* Compl. at 4, but plaintiff fails to list this address in the caption, *see* D.C. LCvR 5.1(c)(1), and he also falls short of establishing that defendant is a *citizen* of the District. Moreover, and as discussed, the complaint is completely silent as to plaintiff's residence, let alone his state citizenship.

Consequently, this case is dismissed without prejudice. A separate order will issue contemporaneously.

Date: May 1, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge